COMMONWEALTH of Pennsylvania, Appellee,

v.

Ricky Fabian WRIGHT, Appellant.

Superior Court of Pennsylvania.

Argued Oct. 26, 2004.

Filed Jan. 27, 2005.

Heidi R. Freese, York, for appellant.

Scott P. Rigdon, Asst. Dist. Atty., York, for Com., appellee.

BEFORE: STEVENS, McCAFFERY, and TAMILIA, JJ.

OPINION BY STEVENS, J.:

¶ 1 This is an appeal from the judgment of sentence entered by the Court of Common Pleas of York County on February 9, 2004, following Appellant's conviction by the court of possession of a controlled substance,[1] possession with intent to deliver a controlled substance,[2] and possession of

1.  35 P.S. § 780–113(a)(16).

2.  35 P.S. § 780–113(a)(30).

3.  35 P.S. § 780–113(a)(32).

drug paraphernalia.[3] Herein, Appellant contends that the trial court erred in denying his motion to suppress where he was mistakenly arrested without a warrant or probable cause. We affirm the judgment of sentence.

¶ 2 A review of the record reveals that on April 15, 2003, Detective Craig Culp and Detective Sergeant Riley of the Hanover Borough Police Department were participating in a forgery investigation involving the individuals "Richard Wright" and Jess Reck. That morning, the detectives went to speak with the victim who they earlier had learned was being intimidated into not filing charges or cooperating with police. The victim informed them that a "Ricky Wright" and Jess Reck had confronted her about cooperating with police; and, that Mr. Wright attempted to give her $20.00 to pay off the forgery so she would not be out any money.[4]

¶ 3 Later that day, Sergeant Riley contacted Ms. Reck and asked her to come to the police station in regard to the forgery charges filed against her and Richard Wright. She complied and, upon her arrival, was accompanied by Appellant, Ricky Wright. As Sergeant Riley took Ms. Reck to another part of the station to be processed, he asked Detective Culp to speak with "Mr. Wright". Detective Culp, knowing that Sergeant Riley had filed forgery charges against a "Richard Wright", and believing that Appellant, "Ricky Wright", was the "Richard Wright" against whom the charges were filed, asked Appellant to accompany him to an interview room. Upon complying with Detective Culp's request, the detective informed Appellant, albeit mistakenly, that

4.  We note that Richard Wright and Ricky Wright are not the same individual and, in fact, are unrelated. We add that Richard Wright was involved in the forgery, while Ricky Wright was involved in intimidating the victim.

charges were filed against him in connection with the forgery investigation.

¶ 4 The detective proceeded to read Appellant his *Miranda*[5] warnings and place him under arrest. When he questioned Appellant as to whether he was in possession of any needles or weapons, Appellant produced a crack pipe and several baggies containing cocaine. Detective Culp then informed Sergeant Riley of the cocaine possession, at which time Sergeant Riley indicated that Appellant was not the "Richard Wright" wanted on the forgery charges. Detective Culp proceeded to apologize to Appellant for the misunderstanding. Appellant, nonetheless, was charged with possession of a controlled substance, possession with intent to deliver a controlled substance, and possession of drug paraphernalia.

¶ 5 On July 31, 2003, Appellant filed a pre-trial motion arguing that there was no probable cause to arrest him; therefore, all evidence seized pursuant to the illegal arrest should be suppressed. Following a hearing held on August 29, 2003, Appellant's motion was denied. Thereafter, pursuant to a petition filed by Appellant to hear additional evidence on the suppression issue, a second hearing was held on December 12, 2003, after which Appellant's request to suppress again was denied. A bench trial was held on the same day, and Appellant was found guilty of all charges. On February 9, 2004, he was sentenced to a two (2) to four (4) year term of imprisonment on the charge of possession with intent to deliver a controlled substance and a concurrent twelve (12) month term for possession of drug paraphernalia. The present appeal followed.[6]

■ ¶ 6 Herein, Appellant contends that the trial court committed reversible error in denying his pre-trial motion to suppress in that police mistakenly arrested him with neither a warrant nor probable cause.

Our standard of review in addressing a challenge to a trial court's denial of a suppression motion is limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Since the prosecution prevailed in the suppression court, we may consider only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the factual findings of the trial court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.

*Commonwealth v. Bomar*, 573 Pa. 426, 445, 826 A.2d 831, 842 (2003) (internal citations omitted). Moreover, we must defer to the credibility determinations of the trial judge who had the opportunity to observe the witnesses' credibility. *Id.* at 446, 826 A.2d at 843.

■ ¶ 7 As to Appellant's claim that Detective Culp lacked probable cause to arrest him, "[p]robable cause for a warrantless search exists if the facts and circumstances within the knowledge of the police officer at the time of the arrest are sufficient to justify a person of reasonable caution in believing the suspect has committed or is committing a crime." *Commonwealth v. Rosario–Hernandez*, 446

---

5. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

6. Pursuant to the court's order to do so, Appellant filed a statement of matter complained of on appeal, to which the court issued an Opinion in accordance with Pa.R.A.P. 1925(a).

Pa.Super. 24, 666 A.2d 292, 295 (1995) (citation omitted). When we examine a particular situation to determine if probable cause exists, we consider the totality of the circumstances, and do not concentrate on each individual element. *Commonwealth v. Guzman*, 417 Pa.Super. 364, 612 A.2d 524 (1992). We further note that "probable cause does not involve certainties, but rather 'the factual and practical considerations of everyday life on which reasonable and prudent men act.'" *Commonwealth v. Romero*, 449 Pa.Super. 194, 673 A.2d 374, 376 (1996) (citation omitted).

■ ¶ 8 Applying the totality of the circumstances test, and viewing the facts within the knowledge of Detective Culp, we find that probable cause to arrest Appellant existed. Initially, Detective Culp was involved in a forgery investigation involving a "Richard Wright" and Jess Reck. He was aware that Sergeant Riley had filed charges against "Richard Wright" and Ms. Reck, and had requested that Ms. Reck come to the police station to speak about the charges. In addition, he was present at the station when Ms. Reck and Appellant Ricky Wright arrived together at the station. Finally, prior to Sergeant Riley taking Ms. Reck to another room to be processed, he asked Detective Culp "to go ahead and talk to Mr. Wright." N.T. 8/29/03 at 8.

¶ 9 In that the officers had probable cause to arrest Richard Wright and, finding that Detective Culp's arrest of Appellant was a reasonable and understandable, albeit mistaken, response to the situation facing him, we conclude that the arrest of Appellant was valid, *Cf. Hill v. California*, 401 U.S. 797, 91 S.Ct. 1106, 28 L.Ed.2d 484 (1971); thus, the trial court did not err denying Appellant's motion to suppress the items seized from him.

¶ 10 Based on the foregoing, the judgment of sentence is affirmed.

¶ 11 Affirmed.