J-A23028-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARK DOUGLAS EVANS, | |
| Appellant | No. 1701 WDA 2013 |

Appeal from the Judgment of Sentence entered September 23, 2013,
in the Court of Common Pleas of Allegheny County,
Criminal Division, at No(s): CP-02-CR-0005630-2013

BEFORE:  DONOHUE, ALLEN and MUSMANNO, JJ.

DISSENTING MEMORANDUM BY ALLEN, J.:        **FILED OCTOBER 30, 2014**

My review of the record reveals that under the totality of the circumstances, Officer Abraham's search of the interior of Appellant's pocket was supported by probable cause.  Accordingly, I would affirm the trial court.

When reviewing the denial of a suppression motion "where the record supports the trial court's factual findings, we are bound by those facts and only reverse if the legal conclusions are in error.  Moreover, we defer to the trial judge's credibility determinations."  ***In re J.N.***, 878 A.2d 82, 85 (Pa. Super. 2005).  Here, the record reflects that Officer Abraham conducted a stop of Appellant's vehicle after observing that it had an inoperable license plate light.  N.T., 9/23/13, at 6.  Following the stop, which occurred in a "very high-crime area", Officer Abraham saw Appellant make a "feverish"

stuffing motion towards the left side of his body, and Appellant then put his coat over the left side of his body. *Id*. at 5-7. Officer Abraham, fearing that Appellant might be concealing a weapon, directed Appellant to exit the vehicle and conducted a pat-down search. During the lawful pat-down of the exterior of Appellant's clothing, Officer Abraham felt a bulge in Appellant's pocket which the officer considered suspicious. Officer Abraham, whom the trial court found credible, testified as follows:

| | |
|---|---|
| Officer Abraham: | As I patted down his left front pants pocket area, I felt what I know from my training and experience without any manipulation to be crack cocaine. |
| | \*\*\* |
| | I asked [Appellant] what was in his pocket, he said that he had crack cocaine on him. I then went into his left pants pocket and recovered one knotted baggie containing crack cocaine. |
| | \*\*\* |
| Assistant District Attorney: | [C]an you please tell the court what if anything about what you felt led you to believe that it was crack cocaine? |
| Officer Abraham: | It was a small to large chalky white substance. ... The size of a pea. |
| Assistant District Attorney: | Is that consistent with your training and experience in narcotics investigation? |
| Officer Abraham: | Yes, it is. |

| | |
|---|---|
| Assistant District Attorney: | And what is it consistent with? |
| Officer Abraham: | Crack cocaine. |
| Assistant District Attorney: | And you also testified ... that you conducted approximately 20 pat-downs where you seized crack cocaine is that correct? |
| Officer Abraham: | Correct. |
| | *** |
| Assistant District Attorney: | And what you felt when you patted down [Appellant] in this case, was that consistent with what you felt on previous occasions? |
| Officer Abraham: | Yes it is. |

*Id*. at 8-9, 38-39.

The Majority contends that during the pat-down, Officer Abraham could not have determined by plain feel, without manipulation, that the bulge in Appellant's pocket was contraband. The plain feel doctrine is "an extremely narrow exception to the warrant requirement." **Commonwealth v. Graham**, 721 A.2d 1075, 1081 (Pa. 1998) **citing Minnesota v. Dickerson**, 508 U.S. at 375, 113 S.Ct. at 2137. "The 'plain feel' doctrine only applies under the limited circumstances where the facts meet the plain view doctrine requirements that the criminal nature of the contraband is immediately apparent, and the officer has a lawful right of access to the object." **Id**. "[A] **Terry** frisk will only support the seizure of contraband

discovered via the officer's plain feel when the incriminating nature of that contraband is immediately apparent to the officer, based solely on the officer's initial pat-down of the suspect's outer garments." **Graham**, 721 A.2d at 1082.

The Majority takes issue with the testimony of Officer Abraham regarding his belief that the bulge in Appellant's pocket was contraband. Specifically, the Majority finds it incredible that "a pea-sized object, in and of itself, and sight unseen, could have a 'contour or mass' that was immediately recognizable as a controlled substance." Majority at 7. Additionally, the Majority disputes that "Officer Abraham's sense of touch was definitive enough to determine the chalk-like consistency of a pea-sized object without manipulating it [and] despite Officer Abraham's statement that he immediately identified the object in [Appellant's] pocket as crack cocaine without manipulating it, the record reflects that he could not have determined that the object 'felt chalky' unless he, in fact, manipulated it." *Id*.

My review of the record reflects, however, that the trial court – which was in the best position to observe the demeanor of the witnesses and assess their credibility – carefully considered Officer Abraham's testimony, weighing the testimony judiciously before making its credibility determination. In so doing, the trial court reasoned that "the word ['chalky'] seems to suggest something that you would see and it is also suggesting a

texture and that would be something the officer could feel. So maybe [Officer Abraham's] choice of words isn't the best but when you talk about texture he felt, my connotation of that is the officer was describing a texture more than an appearance." N.T., 9/23/13, at 53-54. Based on Officer Abraham's experience, the trial court, within its province as fact-finder, found credible the officer's testimony that, without manipulation, he believed the item in Appellant's pocket to be crack cocaine. *See Commonwealth v. Parker*, 957 A.2d 311, 316 (2008) (where officer during lawful pat-down felt in the defendant's pocket hard rigid objects that were consistent with the size, shape, and texture of packaged crack cocaine, a subsequent search inside the defendant's pocket was justified).

The Majority, however, discounts the trial court's credibility determinations to conclude that Officer Abraham must have manipulated Appellant's pocket during the pat-down, despite the trial court's findings to the contrary. Such a determination directly contradicts Officer Abraham's testimony that he did not manipulate Appellant's pocket, that based on the pat-down he believed the bulge in Appellant's pocket was suspicious enough to warrant further investigation, and that he therefore asked Appellant what the bulge was, to which Appellant responded that it was crack cocaine. The Majority effectively substitutes its judgment for the finder of fact, making a credibility determination that the testimony of Officer Abraham (whom the trial court found believable) was not credible. *See Commonwealth v.*

*White*, 734 A.2d 374, 381 (Pa. 1999) ("there is no justification for an appellate court, relying solely upon a cold record, to review the fact-finder's first-hand credibility determinations").

Here, given that the stop occurred in a high crime area, and that Appellant made furtive efforts to conceal the left side of his body, Officer Abraham was entirely justified in patting down Appellant. In my view, the record supports the trial court's determination that Officer Abraham believed, without manipulation, that Appellant's pocket contained contraband. Upon his suspicions about the contents of Appellant's pocket being aroused, Officer Abraham asked Appellant what was in his pocket, to which Appellant responded that he had crack cocaine, providing the officer with probable cause to conduct a more intrusive search. *Commonwealth v. Kondash*, 808 A.2d 943, 948 (Pa. Super. 2002) (a police officer is permitted during *Terry* search to inquire into the contents of the defendant's clothing without first informing the defendant of his *Miranda* rights, as the dictates of *Miranda* do not attach during an investigatory detention and the defendant's affirmative response that that he was carrying an intravenous needle provided probable cause to arrest defendant for possession of drug paraphernalia).

In my view, therefore, the officer's arrest and search of the interior of Appellant's pocket was supported by probable cause. *See Commonwealth v. Valentin*, 748 A.2d 711, 715 (Pa. Super. 2000) (defendant's admission

during investigative detention that he "[had] two bags of dope in [his] pocket" gave rise to probable cause to arrest the defendant and conduct a search of defendant's pockets incident to lawful arrest). Consequently, I would affirm the trial court's order denying Appellant's suppression motion and I would affirm the judgment of sentence.