**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TODD RYAN CHRISTOPHER, | |
| Appellant | No. 2465 EDA 2016 |

Appeal from the Judgment of Sentence July 5, 2016
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0004689-2014

BEFORE: GANTMAN, P.J., SHOGAN and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED AUGUST 25, 2017**

Appellant, Todd Ryan Christopher, appeals from the judgment of sentence entered on July 5, 2016, following his conviction of one count each of driving under the influence ("DUI"), general impairment and highest rate, 75 Pa.C.S. §§ 3802(a)(1) and (b) respectively, and one count of careless driving, 75 Pa.C.S. § 3714. On appeal, Appellant alleges that the trial court erred in denying his pretrial motion to suppress and that he is entitled to a new trial pursuant to the recent United States Supreme Court decision in **Birchfield v. North Dakota**, 136 S. Ct. 2160 (2016). We affirm.

---

[*] Former Justice specially assigned to the Superior Court.

The facts of this case and the procedural history are as follows: At approximately 12:45 a.m. on June 22, 2014, Trooper Matthew Tonitis of the Pennsylvania State Police was on patrol in Lynn Township, Lehigh County, Pennsylvania. N.T., 10/13/15, at 7. Trooper Tonitis observed a vehicle on Schochary Road cross over the double yellow line twice. *Id.* at 8. He then observed what appeared to be a lit cigarette thrown from the passenger side of the vehicle. *Id.* The trooper performed a vehicle stop and spoke to the driver of the vehicle, who was identified as Appellant. *Id.* at 9. The trooper informed Appellant that he crossed the double yellow line twice and that a lit cigarette appeared to be thrown from the passenger side of the vehicle. *Id.* at 11. Appellant's wife and passenger, Nicole Christopher, was in the passenger seat. *Id.* at 29.

Trooper Tonitis asked Appellant to step out of the vehicle because he observed that Appellant's eyes were bloodshot and glassy, and he smelled alcohol emitting from the vehicle. N.T., 10/13/15 at 11, 15. After Appellant exited the vehicle, the trooper smelled alcohol on Appellant's person. *Id.* at 11. The trooper asked Appellant to perform field sobriety tests, but Appellant insisted on simply performing a portable breath test ("PBT"). *Id.* Trooper Tonitis described Appellant's demeanor as agitated, disrespectful, and "aggressive." *Id.* The trooper arrested Appellant for suspected DUI and related offenses. *Id.* A subsequent blood sample showed Appellant's blood alcohol level to be .12%. *Id.* at 14.

On August 27, 2015, Appellant filed a motion to suppress challenging the traffic stop and his arrest, asserting that both lacked probable cause. A hearing was held on October 13, 2015, and the motion was denied as to both issues on January 4, 2016.

On May 13, 2016, following a nonjury trial, Appellant was adjudged guilty of one count each of DUI, general impairment and highest rate, 75 Pa.C.S. §§ 3802(a)(1) and (b), respectively, and one count of careless driving, 75 Pa.C.S. § 3714. The trial court found Appellant not guilty of both depositing waste and other materials and disregarding traffic lanes, 75 Pa.C.S. §§ 3709 and 3309, respectively. Appellant stipulated to the admission of the lab report showing his blood alcohol level at the time of trial. On July 5, 2016, Appellant was sentenced to pay costs and fines and to undergo forty-five days of house arrest, followed by four months and fifteen days of probation.

Appellant's counsel contends she thereafter became aware of the United States Supreme Court's decision in **Birchfield**, which was decided on June 23, 2016. Appellant's Brief at 7. On August 3, 2016, Appellant filed both an untimely motion for post-sentence reconsideration, based on **Birchfield**, and a timely notice of appeal.[1] The trial court denied Appellant's

---

[1] On appeal, Appellant argues that his post-sentence motion was actually a timely Pa.R.Crim.P. 720(c) motion based on after-discovered evidence, *i.e.*, **Birchfield**. However, a judicial decision is not considered after-discovered evidence. **See Commonwealth v. Watts**, 23 A.3d 980, 986 (Pa. 2011)
*(Footnote Continued Next Page)*

post-sentence motion on September 9, 2016.[2]  Both Appellant and the trial

court have complied with Pa.R.A.P. § 1925.

Appellant raises the following issues on appeal:

I. Whether the denial of Appellant's Motion to Suppress evidence, based on lack of probable cause that a traffic violation occurred, was proper.

II. Whether the denial of Appellant's Motion to Suppress evidence, based on the lack of probable cause to arrest, was proper.

III. Whether the denial of Appellant's Motion for Reconsideration, by way of a post sentence motion requesting a new trial based on the intervening change in the case law, (ie: *Birchfield*) was proper.

Appellant's Brief at 6.

Appellant's first two issues involve the suppression of evidence.  Our

review of an order denying a motion to suppress evidence is "limited to

determining whether the suppression court's factual findings are supported

by the record and whether the legal conclusions drawn from those facts are

---
*(Footnote Continued)* ——————————

(holding that a judicial decision is not considered a newly-discovered fact capable of triggering the timeliness exception set forth in 42 Pa.C.S. § 9545(b)(1)(ii); "section 9545(b)(1)(ii) applies only if the petitioner has uncovered facts that could not have been ascertained through due diligence, and judicial determinations are not facts"); *Commonwealth v. Cintora*, 69 A.3d 759, 763 (Pa. Super. 2013) (reaffirming the holding in *Watts* that judicial opinions are not considered newly-discovered facts).

[2]  However, we note that the simultaneously filed notice of appeal deprived the trial court of jurisdiction to rule on the post-sentence motion pursuant to Pa.R.A.P. 1701(a).

correct." ***Commonwealth v. Jones***, 121 A.3d 524, 526 (Pa. Super. 2015) (quoting ***Commonwealth v. Jones*** 758 A.2d 286 (Pa. Super. 2000)). If the suppression court's findings of fact are supported by the record, then the appellate court is "bound by [those] findings and may reverse only if the court's legal conclusions are erroneous." ***Jones***, 121 A.3d at 526. An appellate court's "duty is to determine if the suppression court properly applied the law to the facts," and thus, "conclusions of law are subject to plenary review." ***Id.*** at 527. The evidence must be reviewed in the light most favorable to the prevailing party. ***Commonwealth v. Smith***, 732 A.2d 1226, 1231 (Pa. Super. 1999). Our scope of review "is limited to the factual findings and legal conclusions of the suppression court." ***In re L.J.***, 79 A.3d 1073, 1080 (Pa. 2013).

In his first issue, Appellant argues that the trial court erred by not suppressing evidence based on the trooper's lack of probable cause to stop Appellant's vehicle. He claims that because Trooper Tonitis was not entirely sure if the cigarette came from the car, the trooper did not have probable cause to conduct a traffic stop for a violation of 75 Pa.C.S. § 3709. Appellant's Brief at 22. Additionally, Appellant explains that there was gravel on the side of the road, so he slightly veered over the center line to avoid the gravel. ***Id.*** at 25.

The trial court held that because Trooper Tonitis "credibly testified [that] he observed what appeared to be a lit cigarette being thrown from the passenger side of [Appellant's] vehicle," he had probable cause to stop

- 5 -

Appellant for a violation of 75 Pa.C.S. § 3709. Trial Court Opinion, 1/8/16, at 2–3. We agree.

Probable cause to conduct a traffic stop exists when a driver violates the Motor Vehicle Code. *Commonwealth v. Enick*, 70 A.3d 843, 846 (Pa. Super. 2013). An officer is expected to clearly articulate specific facts possessed by him at the time of the stop which would provide probable cause to believe that the vehicle or the driver was in violation of some provision of the Motor Vehicle Code. *Id.* at 847. In *Commonwealth v. Wright*, 867 A.2d 1265 (Pa. Super. 2005), this Court noted that "probable cause does not involve certainties, but rather the factual and practical considerations of everyday life on which reasonable and prudent [persons] act." *Id.* at 1268.

Here, Trooper Tonitis articulated that while his car was following Appellant's vehicle, he saw what he believed to be a cigarette being thrown from the passenger side of the car, in violation of 75 Pa.C.S. § 3709. The trial court found the trooper's testimony credible, and this Court "must defer to the credibility determinations of the trial court which had the opportunity to" observe witnesses and assess credibility. *Commonwealth v. Bomar*, 826 A.2d 831, 843 (Pa. Super. 2013). Thus, we conclude the trial court did not err in determining that the trooper had probable cause to stop Appellant's vehicle.

Appellant's second complaint is that the trial court erred in denying his motion to suppress based on the lack of probable cause to arrest Appellant.

Appellant contends that because he was pulled over at 12:45 a.m., his eyes could have been bloodshot and glassy due to being tired. Appellant's Brief at 27. Further, he contends his agitated behavior can be justified by his belief that the trooper stopped him simply because the trooper saw him leave the bar. *Id.*

The trial court held that Trooper Tonitis had probable cause to arrest Appellant due to Appellant's glassy and bloodshot eyes, his refusal to perform field-sobriety tests, his admission to drinking, the smell of alcohol on his person, the positive breath test, and his agitated behavior. Trial Court Opinion, 1/8/16, at 3. We agree.

An arrest or "custodial detention" must be supported by probable cause. ***Commonwealth v. Smith***, 836 A.2d 5, 10 (Pa. 2003). "Probable cause to arrest exists when the facts and circumstances within the officer's knowledge and of which the officer has reasonably trustworthy information, are sufficient in themselves to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." ***Commonwealth v. Dommel***, 885 A.2d 998, 1002 (Pa. Super. 2005). "Probable cause justifying a warrantless arrest is determined by the 'totality of the circumstances.'" ***Commonwealth v. Myers***, 728 A.2d 960, 962 (Pa. Super. 1999). As the finder of fact, the trial court was free to believe the trooper's testimony because the court had the opportunity to observe witnesses and assess credibility. ***Bomar***, 826 A.2d at 843.

In this case, Trooper Tonitis testified that after stopping Appellant's vehicle, Appellant admitted to drinking alcohol and was agitated and cursing at the trooper. N.T., 10/13/15, at 8–9. Appellant's eyes were glassy and bloodshot, his breath smelled of alcohol, he refused to perform field sobriety tests, and he tested positive for alcohol after performing a PBT. *Id.* at 11–12. These observations provided Trooper Tonitis with probable cause to arrest Appellant. ***See Commonwealth v. Salter***, 121 A.3d 987 (Pa. Super. 2015) (finding probable cause to arrest for DUI where driver admitted to drinking, had bloodshot and glassy eyes, and the vehicle had an odor of alcohol, despite Appellant's speech not being slurred or his driving erratic); ***see also Commonwealth v. Hamme***, 400 A.2d 1245 (Pa. Super. 1990) (holding that the arresting officer had probable cause to believe the driver was operating his motor vehicle under influence due to the smell of alcohol on his breath and failure of a field sobriety test).

In his final complaint, Appellant argues that the trial court erred in denying his post-sentence motion for reconsideration and that he is entitled to relief under the United States Supreme Court decision in ***Birchfield v. North Dakota***, 136 S. Ct. 2160 (2016), which was decided between the time of Appellant's conviction and his sentencing. Appellant claims that his consent to submit to a blood test was coerced by Pennsylvania's enhanced criminal penalties upon DUI suspects. Appellant's Brief at 29. We conclude this issue is waived.

     ***Birchfield*** held that a state may not "impose criminal penalties on the refusal to submit" to a blood alcohol test. ***Birchfield***, 136 S.Ct. at 2186. The Supreme Court reaffirmed that a person may consent to a blood test but clarified that "motorists cannot be deemed to have consented to submit to a blood test on pain of committing a criminal offense." ***Birchfield***, 136 S.Ct. at 2186. If a motorist's consent is obtained under such conditions, then the ensuing search may be unconstitutional. ***Id.*** In this case, ***Birchfield*** does not strictly apply because Appellant did not refuse to consent and, therefore, did not receive an enhanced penalty for refusing to submit to a blood test.

     However, this Court has interpreted ***Birchfield*** as invalidating a defendant's consent to give blood after being read the Pennsylvania implied-consent law. In ***Commonwealth v. Evans***, 153 A.3d 323 (Pa. Super. 2016), the defendant was arrested and charged with DUI—highest rate of alcohol, and DUI—general impairment. After his arrest, the police provided him with the "'implied consent' warnings required by 75 Pa.C.S.A. 1547, and in doing so, informed [Appellant] that if he refused to give blood, he subjected himself to enhanced criminal penalties[.]" ***Evans***, 153 A.3d 323, 324 (some internal quotation marks omitted). Evans consented to the blood test and subsequently challenged the test in a suppression motion, claiming that his consent was involuntary because it was coerced by the police. ***Id.*** at 324. In accordance with the holding in ***Birchfield*** that a state may not "impose criminal penalties on the refusal to submit," the ***Evans*** Court ultimately concluded that the defendant's judgment of sentence must be

vacated. The case was remanded to the trial court to reevaluate the defendant's consent "based on the totality of all the circumstances . . . ." *Id.* at 331 (quoting *Birchfield*, 136 S.Ct. at 2186).

While factually similar, Appellant's case is distinguishable from *Evans* and does not warrant remand. Although Appellant was read the same implied-consent law as the appellant in *Evans*, Appellant did not file a pretrial motion challenging the voluntariness of his consent to the warrantless blood draw, as did the defendant in *Evans*. *Id.* at 324. Instead, Appellant's motion to suppress was based solely on the lack of probable cause for the traffic stop and his arrest. Furthermore, he stipulated to the admission of the lab test at trial. While we acknowledge the retroactivity of a new rule of law on direct appeal, the issue must have been preserved at all stages of adjudication. *Commonwealth v. Tilley*, 780 A.2d 649, 652 (Pa. Super. 2001); *Commonwealth v. Gray*, 867 A.2d 560 (Pa. Super. 2005); *Commonwealth v. Freeman*, 827 A.2d 385 (Pa. 2003). Because Appellant never challenged the voluntariness or validity of his consent at trial, he is not entitled to relief.

Judgment of sentence affirmed.

P.J. Gantman joins the Memorandum.

Justice Fitzgerald concurs in the result.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/25/2017</u>