J-A28001-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BASHEER HAIRSTON | : | |
| | : | |
| Appellant | : | No. 2276 EDA 2018 |

Appeal from the Judgment of Sentence Entered June 28, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005084-2017

BEFORE: PANELLA, P.J., STABILE, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.: **FILED MARCH 03, 2020**

Appellant, Basheer Hairston, appeals from his judgment of sentence for possession of a controlled substance, alprazolam, and possession of marijuana. Specifically, the trial court convicted Appellant after a bench trial of knowingly and intentionally possessing 119 Xanax pills and 13 jars of marijuana.[1] The court sentenced Appellant to one year of reporting probation, which was to run concurrently to any other sentence previously imposed.

Appellant argues that the police did not have reasonable suspicion or probable cause to "stop, detain, search, and seize him." Appellant's Brief at 7. He filed a motion to suppress and the court held a hearing on May 12, 2018. The trial court denied the motion on the same day.

_____

[*] Retired Senior Judge assigned to the Superior Court.
[1] 35 Pa.C.S.A. §§ 780-113(a)(16) & (a)(31).

Our careful review of the record, however, shows that Appellant has misinterpreted the standard by which we evaluate reasonable suspicion and probable cause and fails to recognize that we must consider the totality of the circumstances as viewed through the eyes of a trained police officer. Applying this standard and taking into account not only the street transaction observed by the police but also Appellant's behavior, the location, and the bag in Appellant's possession which clearly contained "small blue and green pills," N.T. 6/28/18 at 24, we conclude the police did have probable cause to arrest Appellant. Therefore, we affirm.

The trial court accurately set forth the relevant facts of this case, all of which is supported in the record:

> During the underlying trial, Police Officer Sean Foley testified that on March 31, 2017 at approximately 4:30 p.m., he and Officer Mitchell were on routine patrol in full uniform in an unmarked police vehicle driving westbound on the 600 block of Lippincott Street. Officer Foley also testified that as his vehicle turned onto Lippincott Street from "F" Street, he could see the Defendant on his right-hand side, having a conversation with a Hispanic male in front of a vacant lot at 665 Lippincott Street. Further, Officer Foley testified that as his vehicle was approximately ten (10) feet from the Defendant, he could see the Defendant pull a clear sandwich bag form his right pants pocket containing a large amount of small blue and green pills. Officer Foley goes on to state that due to the large amount of pills in the clear bag, it was "relatively easy for him to see".
>
> According to Officer Foley, after the aforementioned observations were made he instructed his partner, Officer Mitchell, to stop their vehicle so they could effectuate the Defendant's arrest. Officer Foley testified that he recovered $63.00 in United States Currency, thirteen (13) jars of

marijuana and the previously observed clear sandwich bag filled with . . . [one hundred and nine-teen (119)] pills from the Defendant incident to arrest. Finally, Officer Foley testified that the pills recovered were later confirmed by poison control to be Xanax.

Trial Court Opinion, 1-8-19, at 2-3 (footnote and internal citations to the record omitted).

At the suppression hearing, Officer Foley testified that he has been involved in over a thousand narcotics arrests in the district where this incident occurred. He further testified that he immediately recognized the pills in the clear sandwich bag as being "Xanies" or "Tombstones." N.T. 5/12/18 at 13-15.

Appellant has now filed an appeal to this Court, raising one question for our review:

Did the trial court err, abuse its discretion, and/or make a mistake of law when it denied Appellant's Motion to Suppress and later after trial found Appellant guilty of possession of marijuana and 119 Xanax pills, pursuant to the specific circumstances in which the narcotics were allegedly recovered?

Appellant's Brief at 2.

The role of this Court in reviewing the denial of a suppression motion is well established:

An appellate court's standard of review in addressing a challenge to a trial court's denial of a suppression motion is limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Since the prosecution prevailed in the suppression court, we may consider only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when

- 3 -

> read in the context of the record as a whole. Where the record supports the factual findings of the trial court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.

*Commonwealth v. Wells*, 916 A.2d 1192, 1194-95 (Pa. Super. 2007) (citation omitted). Although we are bound by the factual and the credibility determinations of the trial court that are supported in the record, we review any legal conclusions *de novo. See Commonwealth v. George*, 878 A.2d 881, 883 (Pa. Super. 2005).

Additionally, our scope of review is limited to the record developed at the suppression hearing, considering the evidence presented by the Commonwealth as the prevailing party and any uncontradicted evidence presented by Appellant. *Commonwealth v. Fulton*, 179 A.3d 475, 487 (Pa. 2018).

Appellant asserts that his arrest and the subsequent search were unlawful. To be lawful, an arrest must be supported by probable cause sufficient to believe that the person who is to be arrested has committed a crime. *See Commonwealth v. Holton*, 906 A.2d 1246, 1249 (Pa. Super. 2006). A police officer must make a common sense decision whether there is a fair probability that a crime was committed by the suspect. *See id.* Whether probable cause exists is a highly fact-sensitive inquiry that must be based on the totality of the circumstances as viewed through the eyes of a prudent, reasonable, cautious police officer guided by experience and training. *See Commonwealth v. Clark*, 735 A.2d 1248, 1252 (Pa. 1999); *see also*

*Holton,* 906 A.2d at 1249. "Probable cause does not involve certainties, but rather the factual and practical considerations of everyday life on which reasonable and prudent [human beings] act." ***Commonwealth v. Wright****,* 867 A.2d 1265, 1268 (Pa.Super. 2005) (citation and internal quotation marks omitted).

Our case law is replete with decisions addressing probable cause for arrest in the context of drug trafficking on public streets. It is well established that not every transaction involving unidentified property exchanged on a street corner gives rise to probable cause for arrest. ***See Commonwealth v. Colon****,* 777 A.2d 1097, 1102 (Pa. Super. 2001). However, when certain other factors are present, police officers may be justified in concluding that the transaction is drug-related, and hence that probable cause for arrest exists. ***See id.*** It is important to view *all* of the facts and the totality of the circumstances in order to avoid rendering a decision that is "totally devoid of [the] commonsensical inferences [that are] drawn by trained police officers with regard to drug activity." ***Id.*** (citation omitted).

Turning to the case *sub judice,* we conclude that Officer Foley had probable cause to arrest Appellant. Officer Foley and Officer Mitchell were on routine patrol in an unmarked vehicle when they first observed the Appellant standing near a vacant lot well known for drug sales. ***See*** N.T., 5/12/18 at 8. Both officers, while in an unmarked vehicle, were in full uniform. ***See id***. They observed a man approach Appellant, and then Appellant reach into his pants

to remove a clear plastic bag filled with numerous green and blue pills. *See id*. at 8-9.

When Appellant saw the officers' uniforms as they stopped their vehicle, he placed the bag of pills bag in his pants. *See id*. at 9. Officer Foley recognized the pills as narcotics with street names such as "Tombstones" and "Xanies." *Id*. at 13.

In light of our controlling case law and taking into account the totality of the circumstances, we agree with the trial court that police had probable cause to arrest Appellant. In sum, after careful review of all the circumstances surrounding this case and the controlling case law, we agree with the trial court's decision and affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/3/20