J-S69035-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CRAIG WHITE | : | |
| | : | |
| Appellant | : | No. 2742 EDA 2018 |

Appeal from the Judgment of Sentence Entered September 7, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001679-2017

BEFORE: SHOGAN, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:           **FILED MARCH 11, 2020**

Appellant, Craig White, appeals from the aggregate judgment of sentence of six to twelve years of confinement, which was imposed after his jury trial convictions for: manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance (113 oxycodone pills); and knowingly or intentionally possessing a controlled or counterfeit substance by a person not registered.[1] We affirm on the basis of the trial court opinion.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30) and (16), respectively.

In its opinion, the trial court fully and correctly set forth the relevant facts and procedural history of this case. **See** Trial Court Opinion, filed March 29, 2019, at 1-3. Therefore, we have no reason to restate them.[2]

Appellant presents the following issues for our review:

I.      Did the trial court err in denying the motion to suppress any and all evidence recovered from his vehicle and/or his person at the time of arrest?

II.     Did the trial court abuse its discretion in imposing an excessive/improper sentence given the nature and circumstances of Appellant and the facts/circumstances of the underlying case; was Appellant's sentence not supported by sufficient reasons, excessive given the nature and circumstances of Appellant, his lack of any recent criminal history and the facts of the underlying case, including the fact that the offense was not violent; did the trial court improperly allow and/or consider, during the sentencing hearing, the fact that heroin was allegedly recovered from Appellant when the jury acquitted him of all charges relating to heroin?

Appellant's Brief at 5 (trial court's answers omitted).

Appellant first contends that "the trial court erred in denying the motion to suppress any and all evidence recovered from his vehicle and/or his person at the time of arrest." **Id.** at 10.

Our scope of review from a suppression ruling is limited to the evidentiary record created at the suppression hearing. **Commonwealth v. Fulton**, 179 A.3d 475, 487 (Pa. 2018).

In reviewing the denial of a suppression motion, our role is to determine whether the suppression court's factual findings are

_____

[2] On September 9, 2018, Appellant filed this timely direct appeal. Appellant filed his statement of errors complained of on appeal on October 30, 2018. The trial court entered its opinion on March 29, 2019.

supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if the court's legal conclusions are erroneous. Where, as here, the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to our plenary review.

*Commonwealth v. Yim*, 195 A.3d 922, 926 (Pa. Super. 2018) (citations and internal brackets omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Glynnis Hill, we conclude Appellant's first issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of that question. *See* Trial Court Opinion, filed March 29, 2019, at 3–9 (finding: the arresting officers had probable cause to stop Appellant for vehicular violations, were acting within their authority when they asked Appellant to step out of the vehicle, and had probable cause to arrest Appellant based on the warrant for his arrest and the officers' discovery of oxycodone on Appellant's person after one of the officers heard and felt a sizable amount of loose pills in the Appellant's left sweatshirt pocket; *Commonwealth v. Johnson*, 86 A.3d 182 (Pa. 2014), and *Commonwealth v. Edmunds*, 586 A.2d 887 (Pa. 1991), can be

distinguished from the current action). Accordingly, the trial court did not err when it denied the Appellant's motion to suppress.

Next, Appellant challenges the discretionary aspects of his sentence.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. Prior to reaching the merits of a discretionary sentencing issue[, w]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Manivannan***, 186 A.3d 472, 489 (Pa. Super. 2018) (quotation marks and some citations omitted), *reargument denied* (July 7, 2018). In the current case, Appellant filed a timely notice of appeal, preserved his issue in a post-sentence motion, and included a statement in his brief pursuant to Pa.R.A.P. 2119(f) ("Rule 2119(f) Statement"). Appellant's Brief at 4. The final requirement, whether the question raised by Appellant is a substantial question meriting our discretionary review, "must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Manivannan***, 186 A.3d at 489 (quotation marks and some citations omitted).

In his Rule 2119(f) Statement, Appellant contends that the trial court abused its discretion in imposing an excessive sentence, because the trial court did not take into consideration the nonviolent nature of his offenses and his lack of recent criminal history. Appellant's Brief at 4. Additionally, Appellant maintains that "the trial court improperly allowed testimony and/or considered, during the sentencing hearing, the fact that heroin was allegedly recovered from Appellant when the jury acquitted him of all charges relating to heroin." *Id.* Finally, Appellant argues that the trial court based his sentence "solely on the seriousness of the offense while failing to consider all relevant sentencing factors[.]" *Id.*

Appellant's assertion that his sentence was excessive given the nonviolent nature of his offenses raises a substantial question. ***Commonwealth v. Dodge***, 77 A.3d 1263, 1266-67, 1270-71, 1273 (Pa. Super. 2013) (claim that sentence is excessive in light of conduct at issue raises substantial question).

Appellant contention that the trial court relied on matters not of record also raises a substantial question. ***Commonwealth v. Downing***, 990 A.2d 788, 792 (Pa. Super. 2010) (contention that "trial court's finding that Appellant possessed the gun for 'criminal purposes' [was] not supported by the evidence, but rather, [was] a mischaracterization of the evidence . . . raises a substantial question permitting review"); ***Commonwealth v. Druce***, 796 A.2d 321, 334 n.15 (Pa. Super. 2002) (claim trial court relied on evidence

not of record raised substantial question); ***Commonwealth v. Roden***, 730 A.2d 995, 997 (Pa. Super. 1999) (claim trial court relied on improper factor, *i.e.*, adverse negative impact appellant's crimes would have on working mothers who relied on babysitters, raised substantial question).

Finally, although Appellant's claim that the trial court failed to consider the mitigating factor of his lack of a recent criminal record generally would not raise a substantial question, ***Commonwealth v. Moury***, 992 A.2d 162, 171 (Pa. Super. 2010) (citing ***Commonwealth v. Wellor***, 731 A.2d 152, 155 (Pa. Super. 1999) ("allegation that the sentencing court failed to consider certain mitigating factors generally does not necessarily raise a substantial question"), he has coupled this assertion with a claim that the trial court only considered the serious nature of his offense, thereby ignoring this factor, which does raise a substantial question. ***Commonwealth v. Bricker***, 41 A.3d 872, 875 (Pa. Super. 2012) ("averment that the court sentenced based solely on the seriousness of the offense and failed to consider all relevant factors raises a substantial question"); ***Commonwealth v. Ventura***, 975 A.2d 1128, 1133 (Pa. Super. 2009) ("Ventura further asserts that the trial court imposed his sentence based solely on the seriousness of the offense and failed to consider all relevant factors, which has also been found to raise a substantial question."); ***Commonwealth v. Lawrence***, 960 A.2d 473 (Pa. Super. 2008) (averment that the court sentenced based solely on seriousness of the offense and failed to consider all relevant factors raises a substantial question).

Having found that Appellant's sentencing challenges merit our discretionary review, we turn to our standard of review:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Lekka*, 210 A.3d 343, 350 (Pa. Super. 2019) (citation omitted).

Again, after a thorough review of the record, the briefs of the parties, the applicable law, and Judge Hill's well-reasoned opinion, we find no merit in Appellant's argument that the trial court abused its discretion by ordering an excessive sentence for a non-violent crime given his lack of a recent criminal record. The trial court opinion comprehensively discusses and properly disposes of that issue. *See* Trial Court Opinion, filed March 29, 2019, at 9–11 (finding: Appellant's sentence was not excessive as he was convicted of possessing 113 oxycodone pills, a Schedule II narcotic, with intent to deliver and as he had an extensive criminal record; the trial court considered Appellant's arguments that his "conviction was not for a violent crime" and "that he had not been convicted of a crime since 1998").

As for Appellant's insistence that "the trial court improperly considered the fact that heroin was found in the car in which Appellant was stopped, even though he was acquitted by jury of all charges related to heroin[,]" Appellant's

Brief at 13, Appellant failed to provide any legal authority for his assertion that the trial court was not permitted to consider this information; this challenge consequently is waived. *Kelly v. The Carman Corporation*, 2020 PA Super 35, *35-*36 (filed February 12, 2020) (citing Pa.R.A.P. 2119(a) (argument shall include citation of authorities); *Commonwealth v. Spotz*, 18 A.3d 244, 281 n.21 (Pa. 2011) (without a "developed, reasoned, supported, or even intelligible argument[, t]he matter is waived for lack of development"); *In re Estate of Whitley*, 50 A.3d 203, 209 (Pa. Super. 2012) ("The argument portion of an appellate brief must include a pertinent discussion of the particular point raised along with discussion and citation of pertinent authorities[; t]his Court will not consider the merits of an argument which fails to cite relevant case or statutory authority" (citations and quotation marks omitted)); *Lackner v. Glosser*, 892 A.2d 21, 29-30 (Pa. Super. 2006) (appellant's arguments must adhere to rules of appellate procedure; arguments that are not appropriately developed, including those failing to cite any authority in support of contention, are waived on appeal)).

For these reasons, Appellant has failed to demonstrate a manifest abuse of discretion, and we therefore will not disturb Appellant's sentence on appeal. *Lekka*, 210 A.3d at 350.

Accordingly, we affirm on the basis of the trial court's opinion. The parties are instructed to attach the opinion of the trial court in any filings referencing this Court's decision.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/11/20

FILED

2019 MAR 29 PM 4:10

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**

COMMONWEALTH OF PENNSYLVANIA :     CRIMINAL TRIAL DIVISION

                                       :

V.                                  :         CP-51-CR-0001679-2017

                                         :

CRAIG WHITE, APPELLANT       :         No. 2742 EDA 2018

## OPINION

This opinion addresses the issues Appellant Craig White raises in his appeal. The

Appellant's claim lacks merit for the following reasons.

## I. CASE HISTORY

On January 22, 2017, police arrested the Appellant for Possession with Intent to Distribute

(PWID), Knowing and Intentional Possession (K+I), and Driving on a Suspended License.[1] The

Commonwealth filed a complaint the following day. On February 23, 2017, the Appellant was

held for Court on charges of PWID (F), K+I (M), and Driving on a Suspended License (S).[2]

On August 1, 2017, the Appellant filed a Motion to Suppress.[3] On December 8, 2017, the

Honorable Glynnis D. Hill denied the Motion to Suppress. On April 5, 2018, a jury convicted the

Appellant of PWID and K+I. On August 14, 2018, the Court sentenced the Appellant to 7½-15

years incarceration.[4] On the same day, the Appellant filed a Petition for Reconsideration of

Sentence. On September 7, 2018, the Court granted the Petition and resentenced the Appellant to

6-12 years incarceration. On September 9, 2018, the Appellant filed a Notice of Appeal to the

Pennsylvania Superior Court. On October 11, 2018, the Court ordered the Appellant to file a

---

[1] Philadelphia Police Arrest Report, Docket CP-51-CR-1679-2017.
[2] Docket Sheet for CP-51-CR-1679-2017.
[3] Id.
[4] The K&I charge merged for sentencing purposes.

1

Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b). On October 30, 2018, the Appellant filed a Statement raising the following issues:[5]

1. Did the trial court err in denying the motion to suppress any and all evidence recovered from his vehicle and/or his person at the time of arrest?

2. Was the sentence imposed following conviction excessive/improper given the nature and circumstances of the Defendant and the facts/circumstances of the underlying case; sentence was not supported by sufficient reasons, was excessive given the nature and circumstances of the Petitioner, his lack of any recent criminal history and the facts of the underlying case. And that the offense was not violent; did the trial court improperly allow and/or consider, during the sentencing hearing, the fact that heroin was allegedly recovered from Appellant when the jury acquitted him of all charges relating to heroin?

## II. FACTS

On January 22, 2017, Officer Matthew Walsh observed a gray Saab with heavily tinted windows traveling north on 28th Street.[6] Officer Walsh then observed the driver of the Saab fail to signal before turning right onto Wharton Street.[7] The driver continued on Wharton to the next intersection and made a right onto South 27th Street. At that point, Officer Walsh stopped the Saab.[8] Officer Walsh approached the vehicle and saw the Appellant in the driver's seat.[9] He then noticed an **orange pharmaceutical pill bottle** in a cup holder in the center console.[10] **The bottle had no label and had small pill-like items inside.**[11] Upon seeing the bottle, Walsh asked the Appellant if he had any medical problems, and the Appellant told him no.[12] During this interaction, Officer William Fritz looked in the passenger side of the vehicle with his flashlight and observed small pieces of marijuana on the floorboards.[13] Officers Walsh and Fritz returned to the patrol car

---

[5] Copied verbatim from the Appellant's Statement of Errors Complained of on Appeal.
[6] Notes of Testimony 4/4/2018 pg. 6-7.
[7] Id. at 7.
[8] Id.
[9] Id. at 9.
[10] Id.
[11] Id.
[12] Id. at 11.
[13] Id. at 12.

2

to run the Appellant's information, and they discovered that the Appellant had a scofflaw warrant.[14] They further learned that the Appellant was not the owner of the vehicle.[15]

When Officer Walsh returned to the vehicle, he noticed that the orange pill bottle in the cupholder now appeared empty.[16] Both officers subsequently had the Appellant step out of the vehicle and conducted a protective frisk for weapons.[17] While the Appellant was being frisked, Officer Walsh heard pills "jingling" in his sweatshirt.[18] Walsh asked the Appellant what the items were, but he refused to answer.[19] Officer Walsh then felt a large amount of small pills in the Appellants left sweatshirt pocket.[20] These pills were later identified as 113 thirty-milligram pills of oxycodone.[21] The officers then arrested the Appellant and searched the vehicle.[22] In the center console, the officers found small bundles of clear plastic packets[23] marked "Aintez Boy," a large roll of cash totaling $4,652, two cell phones, and a flash drive.[24] The contents of the packets tested positive for heroin.[25]

## III. DISCUSSION

### I.      The Court Did Not Err When It Denied the Appellant's Motion to Suppress

The Appellant first alleges that the Court erred when it denied his motion to suppress evidence obtained from him and the vehicle incident to his arrest. The Court disagrees.

---

[14] Id. at 12-14.
[15] Id. The Appellant gave the officers a pink slip and insurance card naming "Mr. Griffin" as the owner.
[16] Id. at 14-15.
[17] Id. at 15-16.
[18] Id.
[19] Id. at 15.
[20] Id. at 15-16.
[21] Id. at 23. N.T. 4/5/2018 pg. 12.
[22] N.T. 4/4/2018 pg. 17.
[23] There were 10 bundles consisting of 14 packets each, totaling 140 packets. Id. at 23.
[24] Id. at 17, 26.
[25] Id. at 24.

The standard of review in addressing a trial court's denial of a suppression motion is limited to whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Commonwealth v. Minnich, 874 A.2d 1234, 1236 (Pa. Super. 2005). Where the prosecution prevails in the suppression court, an appellate court may consider only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in context of the record as a whole. Id. See also Commonwealth v. Spieler, 887 A.2d 1271, 1274-1275 (Pa. Super. 2005).

At the suppression hearing, the Appellant's trial counsel argued that the arresting officers did not have reasonable suspicion nor probable cause to stop, detain, question, search, or arrest the Appellant, but the Court rejected counsel's argument for several reasons. First, the arresting officers had probable cause to stop the Appellant. At the suppression hearing, Officer Walsh testified that on January 22, 2017, he observed the driver of a gray Saab with heavily tinted windows fail to use his turn signal when turning right onto Wharton Street.[26] As there was no other evidence to refute Officer Walsh's testimony, the Court accepted Walsh's testimony since officers are authorized to stop a driver who violates the Motor Vehicle Code. 75 Pa.C.S.A. § 6308(b); 75 Pa.C.S.A. § 4524(e); 75 Pa.C.S.A. § 3334.

Second, the arresting officers were acting within their authority when they asked the Appellant to step out of the vehicle. Under the law, when an officer lawfully stops a vehicle, he may order the driver or passengers to exit the vehicle while they are lawfully detained "as a matter of right." Commonwealth v. Wilson, 927 A.2d 279, 284 (Pa. Super. 2007) [citing Pennsylvania v. Mimms, 434 U.S. 106, 111 (1977)]. Officers may also ask both drivers and passengers to exit the vehicle out of concern for their own safety. See Mimms, 434 U.S. at 112, *supra*.

---

[26] N.T. 10/6/2017 pg. 9-10.

4

Third, the officers had probable cause to arrest the Appellant. In Commonwealth v. Wright, 867 A.2d 1265 (Pa. Super. 2005), the Court held that "probable cause does not involve certainties, but rather the factual and practical considerations of everyday life upon which reasonable and prudent men act." Id. at 1268. The Court further held that judges must consider the "totality of the circumstances," rather than each individual element, when determining whether probable cause exists. Id. In Wright, a detective was conducting a forgery investigation involving Richard Wright and Jess Reck. Id. Meanwhile, the detective learned that another officer had filed charges against Reck and requested that Reck come to the police station to discuss the charges. Id. When Reck and her friend "**Ricky Wright**" arrived at the station, the detective arrested "**Ricky**," believing him to be Richard Wright (the suspect). Id. at 1266. While under arrest, the detective found that "**Ricky**" possessed a crack pipe and several baggies of cocaine. Id. However, even though "**Ricky**" **Wright** was not the Richard Wright charged in the forgery case, the Superior Court held that the detective had probable cause to arrest "**Ricky**" under the totality of the circumstances. Id.

In the present case, the arresting officers had probable cause to arrest the Appellant when one considers the totality of the circumstances. For one thing, when Officer Walsh returned to his patrol car, he ran the Appellant's name through the Mobile Data Terminal (MDT), which indicated that "Craig White" had a scofflaw warrant.[27] The warrant indicated that Craig White's birthdate was July 6, 1977, and his address was 2615 Wharton Street.[28] The MDT also indicated that "Craig White" had a suspended license (OLN 24997832).[29] However, unlike the scofflaw warrant, the

---

[27] Id. at 18-20.
[28] Id. at 20.
[29] Id. at 61.

license the Appellant gave to Officer Walsh (OLN 31241625) was validated by the MDT and indicated a **middle name**, a July 6, **1978** birthdate, and a **2611 Earp St.** address.[30]

The Appellant's trial counsel argued at the suppression hearing that the Appellant's arrest was invalid because the Commonwealth could not prove that the scofflaw warrant was for the Appellant.[31] Counsel cited Commonwealth v. Johnson, 86 A.3d 182 (Pa. 2014) in support of this claim.[32] In Johnson, the Pennsylvania Supreme Court reaffirmed its holding in Commonwealth v. Edmonds, 586 A.2d 887 (Pa. 1991), that there is no "good faith exception" for police officers in Pennsylvania, and that evidence seized incident to arrest **based solely** on an expired warrant must be suppressed. However, these cases must be distinguished from the instant matter. One distinction is that the arrest warrants in Johnson and Edmonds were **expired** and **invalid**. In our case, the scofflaw warrant **was not** expired or invalid.[33] Another distinction is that, while the Appellant argued that the scofflaw warrant was not his,[34] the caselaw he cited does not address mistaken identity.[35] A third distinction is that counsel's argument that the Commonwealth could not prove that the scofflaw warrant was for the Appellant does not accurately reflect the standard governing whether the officers had probable cause to arrest him.

As previously stated, the determination of whether probable cause existed to arrest the Appellant depends on the totality of the circumstances. Wright, 867 A.2d at 1268. When Officer Walsh ran the Appellant's name through the MDT, two licenses came up: one with a warrant and one without. Both licenses had the same first and last names and birthdays – separated by one year. Moreover, the addresses listed on the licenses (2615 Wharton Street and 2611 Earp Street)

---

[30] Id. at 61-63, 77-78.
[31] Id. at 5-7.
[32] Id. at 6-7.
[33] Id.
[34] Id.
[35] See Edmonds and Johnson, *supra.*

6

were within one block of each other.[36] Considering these similarities, it was not unreasonable for Officer Walsh to conclude that the scofflaw warrant was for the Appellant. On the contrary, it would have been unreasonable for Officer Walsh to accept as coincidental that two Craig Whites, with the same birthday, lived one block away from one another. Given the totality of the circumstances surrounding the scofflaw warrant, the officers had probable cause to arrest the Appellant pursuant to the standard in Wright. Since the arrest was valid, the officers had authority to search the Appellant and the area within his control incident to arrest. Commonwealth v. Simonson, 148 A.3d 792, 799 (Pa. Super. 2016) [citing Chimel v. California, 395 U.S. 752, 763 (1969) and Birchfield v. North Dakota, 136 S.Ct. 2160, 2176 (2016) (search incident to arrest exception is categorical and permits the search as a matter of course)].

**However, even if the officers did not have probable cause to arrest the Appellant based on the scofflaw warrant, Officer Walsh's discovery of the oxycodone provided him with probable cause to arrest the Appellant.** Walsh discovered the pills by plain feel during a justified frisk for weapons. Once a defendant has been removed from the vehicle, "the officer is justified in conducting a limited search for weapons once he [has] reasonably concluded that the person whom he had legitimately stopped might [be] armed and presently dangerous." Wilson, 927 A.2d at 284. See also Terry v. Ohio, 392 U.S. 1 (1968). When assessing the validity of a Terry stop, we must examine whether, under the totality of the circumstances, the officer could reasonably infer that the person might be armed and dangerous. Commonwealth v. Zhahir, 751 A.2d 1153, 1158 (Pa. 2000).

In the case at bar, Officer Walsh reasonably suspected that the Appellant might be armed for a number of reasons. First, Officer Walsh testified at the suppression hearing that the windows

---

[36] Id. at 77-78. The Appellant was pulled over in the immediate vicinity of both addresses.

7

of the Grey Saab were so heavily tinted that he could not see into the vehicle.[37] Second, as he approached the driver's side window, Walsh noticed an unlabeled orange pill bottle containing items.[38] Third, when Walsh asked the Appellant whether he had a medical condition or owned the pill bottle, the Appellant responded no to both questions.[39] Fourth, Officer Fritz observed marijuana on the floor of the passenger side.[40] Finally, when later returning to the Saab, Walsh noticed that the orange pill bottle was now empty.[41] Given the totality of the circumstances, Officer Walsh had both reasonable suspicion and probable cause that the Appellant may have possessed drugs with intent to deliver. Moreover, at a minimum, Walsh was entitled to conduct a protective frisk for his own safety.

While frisking the Appellant for weapons, Officer Walsh heard and felt a sizable amount of loose pills in the Appellant's left sweatshirt pocket.[42] Under the plain-feel doctrine, an officer is authorized to retrieve contraband during a Terry frisk if he immediately recognizes the object as contraband. Minnesota v. Dickerson, 508 U.S. 366, 373 (1993). In our case, Walsh recovered one hundred and thirteen loose oxycodone pills from the Appellant's sweatshirt pocket.[43] His recovery under the plain-feel doctrine was valid since **113 loose pills** would be immediately apparent as contraband to any officer conducting a pat down.[44] After recovering the pills, the officers had probable cause to arrest the Appellant for possession of narcotics with intent to distribute.[45]

---

[37] Id. at 12.
[38] Id.
[39] Id. at 13-15.
[40] Id. 16.
[41] Id. at 46.
[42] Id. at 20-22.
[43] Id. at 43.
[44] The pill bottle being full of a substance and then suddenly empty upon return to the car further supports the fact that the loose pills were immediately recognizable as contraband.
[45] Additionally, Officer Walsh arguably had independent probable cause to arrest the Appellant for narcotics considering 1.) the presence of items in the pill bottle when Walsh first approached, 2.) the Appellant's denial of ownership of the bottle, and 3.) the noticeable absence of those items during the second encounter.

In summary, since the arresting officers had probable cause to stop the Appellant for vehicular violations, probable cause to arrest for the scofflaw warrant, reasonable suspicion to frisk, and probable cause to arrest for narcotics, the Court properly denied the Appellant's motion to suppress. Therefore, his first claim fails.

## II. The Appellant's Sentence Is Not Excessive; The Court Did Not Improperly Consider the Heroin During Sentencing.

### A. The Appellant's Sentence Is Not Excessive.

The Appellant's second claim is that the Court imposed an excessive sentence. This claim also lacks merit.

The sentencing standard of review is whether the Court abused its discretion. Commonwealth v. Walls, 592 Pa. 557, 564-565 (2007). "An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." Id., quoting Grady v. Frito-Lay, Inc., 839 A.2d 1038, 1046 (Pa. 2003) (quotations omitted.). Since the Appellant cannot show that his sentence was manifestly unreasonable, lacking in support, or based in bias or ill-will, his claim must fail.

In our case, the Appellant was convicted of possessing 113 oxycodone pills with intent to deliver.[46] According to the Pennsylvania Commission on Sentencing Guidelines, this offense carries an Offense Gravity Score (OGS) of 11.[47] At the time of sentencing, the Appellant had a Prior Record Score (PRS) of RFEL/REVOC.[48] Therefore, the Appellant's minimum guideline

---

[46] N.T. 4/5/2018 pg. 55. 35 Pa.C.S. § 780-113(a)(30).    The jury also convicted the Appellant of K+I for the Oxycodone, which merged for sentencing purposes.
[47] See the Pennsylvania Commission on Sentencing Guidelines Comprehensive Offense List, 7th Ed. Amendment 3. See also N.T. 8/14/2018 pg. 4.
[48] See the Presentence Investigation Report. See also N.T. 8/14/2018 pg. 3-4.

9

sentence was 10-20 years incarceration.[49] However, the statutory maximum sentence for this offense was 7½ to 15 years. 35 Pa.C.S. § 780-113(f)(1). In light of the large quantity of pills the Appellant intended to distribute, and his extensive prior record, the Court sentenced the Appellant to the statutory maximum of 7½-15 years incarceration. The Court later granted the Appellant's Petition for Reconsideration, vacated his sentence, and resentenced him to 6-12 years incarceration.[50] At resentencing, the Court noted that the statutory maximum it had imposed may have been stringent since most of the Appellant's criminal history occurred when he was a teenager.[51]

The Appellant continues to argue that his sentence is excessive and not supported by "sufficient reasons." The Court disagrees. At the sentencing hearing, the Appellant's counsel requested a sentence of 1½-3 years incarceration.[52] She argued that 1.) the conviction was not for a violent crime and there were no firearms involved, 2.) that the Appellant was a satisfactory parolee who had never tested positive for drugs, 3.) that he was engaged to be married, and 4.) that he had not been convicted of a crime since 1998.[53] However, after considering counsel's arguments, the Court felt comfortable with the sentence it imposed for a number of reasons. First, the fact that the Appellant was convicted of PWID (and not a violent crime involving a firearm) is not a convincing argument for further mitigating his sentence. That a defendant was not convicted of a worse crime does not mitigate the serious crime he committed. Second, while the Appellant may not have tested positive for drugs, it is disingenuous to claim that he was a satisfactory parolee when he was arrested for PWID (oxycodone) while on parole.[54] Third, the Appellant's potential

---

[49] See the Pennsylvania Commission on Sentencing Guidelines Basic Sentencing Matrix, 7th Ed. Amendment 3.
[50] N.T. 9/7/2018 pg. 18-21.
[51] Id.
[52] N.T. 8/14/2018 pg. 14.
[53] Id. at 10-14.
[54] Id. at 20.

change in marital status is not a compelling mitigating factor. He does not claim to have children or be responsible for supporting others financially. Fourth, the Appellant did not express remorse or accept responsibility for his crime.[55] Finally, the Court considered the Appellant's lack of criminality (since he was a teenager in 1998) to be a mitigating circumstance.[56] By the same token, the Court could not dismiss the fact that the primary reason for his lack of criminality was that he was incarcerated between 1998 and 2012.[57] As the Court considered the Appellant's total profile, his sentence was not excessive.

Overall, there were two major reasons for the Appellant's sentence. First, the Appellant was convicted of possessing 113 oxycodone pills, a schedule II addictive narcotic, with the intent to distribute them. Second, he had an extensive criminal record. Both of these reasons were justification enough to impose this sentence. Since the Appellant cannot show that his sentence was improper, his second claim fails.

B. The Court Did Not Err When It Considered the Heroin Found In the Vehicle.

Finally, the Appellant alleges that the Court improperly considered the heroin found in the vehicle, since the Appellant was not convicted of possessing it. This claim is also unfounded.

A sentencing court may consider the overall circumstances of a case for sentencing purposes even in situations where a defendant is acquitted of some of the charges. Sentencing courts may consider conduct of which the defendant has been acquitted, so long as the conduct is established by a preponderance of the evidence. U.S. v. Watts, 519 U.S. 148 (1997); see also Commonwealth v. Rice, 2018 WL 6804027 (Pa. Super. Dec. 27, 2018) (*non-precedential*). The presence of heroin in the vehicle was established by a preponderance of the evidence as well as

---

[55] Id. at 21-22.
[56] N.T. 9/7/2018 pg. 18-21.
[57] N.T. 9/7/2018 pg. 11.

stipulated by counsel. Officer Walsh testified at trial that he found 140 packets of heroin in the center console of the vehicle after the Appellant was arrested.[58] Moreover, the Appellant's counsel at the suppression hearing **stipulated** to the presence of the heroin in that location both for the purposes of the motion **and "if [it got] to trial."**[59] Furthermore, the Court explicitly stated that it was not considering the heroin for the purposes of punishment.[60] Finally, at sentencing, the Appellant's counsel herself noted that "heroin was found in the car."[61] For these reasons, the Court was permitted to consider the heroin at sentencing. What is important to note, however, is that the Appellant's sentence was based on his convictions (i.e. not the heroin). Therefore, the Appellant's final claim fails.

---

[58] N.T. 4/4/2018 pg. 17-23.
[59] N.T. 10/6/2017 pg. 72-73.
[60] N.T. 8/14/2018 pg. 16.
[61] Id. at 12.

## CONCLUSION

The Appellant's claims should be denied for two reasons. First, the Court properly denied the Appellant's Motion to Suppress. Officer Walsh had probable cause to arrest the Appellant based on the information relating to the scofflaw warrant. Moreover, even if the warrant were invalid, Walsh was authorized to remove the Appellant from the car and frisk him based on a reasonable suspicion that he may have had a weapon. Since the pills in the Appellant's sweatshirt pocket were immediately apparent as contraband, Walsh also had probable cause to arrest the Appellant. Therefore, the Appellant's first claim fails.

Second, the Appellant's sentence was not excessive. On the contrary, the sentence was a significant downward departure from the minimum guideline sentence. Since the Court took into consideration all circumstances, and found few mitigating factors, it did not abuse its discretion. Furthermore, the Court did not err during the sentencing hearing when it considered the presence of heroin in the vehicle. Sentencing courts are permitted to consider conduct of which the defendant has been acquitted as long as that conduct has been proved by a preponderance of the evidence. Since the presence of the heroin in the car was testified to at trial, and was stipulated by counsel, the Court was permitted to consider this evidence during sentencing. What is important to note, however, is that the Appellant's sentence was based on the crimes he was convicted of (not the heroin). Therefore, the Appellant's second claim fails.

For these reasons, the Appellant's claims should be denied.

By the Court,

_____
Glynnis D. Hill, Judge

13

**PROOF OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served upon the following persons on the $\underline{29}$ <sup>th</sup> day of March, 2019.

Smart Communications/PADOC
Craig White
a.k.a. Shariff Moore
DU1901
SCI Waymart
PO Box 33028
St. Petersburg, FL 33733

Gina A. Amoriello, Esq.
1515 Market Street, Suite 1200
Philadelphia, PA 19102

Lawrence Goode, Esq.
Philadelphia District Attorney's Office
3 South Penn Square
Philadelphia, PA 19107

_3|29|2019_
**DATE**

14